**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GERALD C. MERRIWEATHER and
CHRISTINA M. MERRIWEATHER,

    Plaintiffs,

v.

CITIMORTGAGE, INC.,

    Defendant.
_____/

Case No. 11-15515

HONORABLE DENISE PAGE HOOD

## ORDER GRANTING MOTION TO DISMISS and ORDER DISMISSING ACTION

**I.**     **BACKGROUND**

On December 16, 2011, Defendant CitiMortgage, Inc. removed the Complaint filed by Plaintiffs Gerald C. Merriweather and Christina M. Merriweather before the Wayne County Circuit Court, State of Michigan. Plaintiffs allege that in 2001, Plaintiffs satisfied all their obligations as to the mortgage on the property at issue. (Comp., ¶ 2) Plaintiffs assert that they are being denied the right to their real property and due process of law and that Defendant's actions violate the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* (Comp., ¶ 3) Plaintiffs allege that fraud is being perpetrated upon them because of "Defendant's boldness of action in claiming that the Parties have entered into some contractual agreement." (Comp., ¶ 4)

This matter is before the Court on Defendant's Motion to Dismiss in lieu of an Answer. Oral argument was heard on March 7, 2012.

**II.**     **ANALYSIS**

    **A.**     **Standard of Review**

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

2

has alleged, but it has not shown that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984).

**B.    Fraud**

Defendant seeks dismissal of the Complaint arguing that the Complaint fails to comport with the strict pleading standards under Rule 9(b) of the Rules of Civil Procedure. In response, Plaintiffs claim that they have stated a claim because the records of the Wayne County "Recorders" Office is proof of existing facts that Plaintiffs have satisfied their obligations.

The Sixth Circuit has interpreted Rule 9(b) as requiring a plaintiff to allege the time, place, and content of the alleged misrepresentation on which they relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud. *See, Yuhasz v. Brush Welman, Inc.,* 341 F.3d 559, 563 (6th Cir. 2003).

In this case, although not specifically asserted in their Complaint, Plaintiffs appear to allege that there is no second mortgage on the property and that Defendant's actions with regard to the second mortgage is fraudulent. Defendant submitted documents showing that Plaintiffs and ABN AMRO Mortgage Group, Inc. entered into a mortgage loan in the amount of $206,400.00 on September 22, 2000 ("2000 Loan"). (Ex. 1 to Def.'s Motion) On May 21, 2001, Plaintiffs executed

a second mortgage with ABN AMRO Mortgage Group, in the amount of $208,000.00 ("2001 Loan"). (Ex. 2 to Def.'s Motion) Plaintiffs' signatures appear on the 2001 Loan documents. As a result of the second mortgage, ABN AMRO executed the discharge for the 2000 Loan, which was recorded with the Wayne County Register of Deeds on January 22, 2002. (Ex. 3 to Def.'s Motion)

The 2001 Loan was transferred for servicing to Defendant on August 21, 2007. (Ex. 4 to Def.'s Motion) ABN and Defendant merged on August 31, 2007. (Ex. 5 to Def.'s Motion) Sometime in 2011, Plaintiffs contacted Defendant requesting certain mortgage documents. Defendant responded on October 21, 2011 indicating that it did not have a copy of the Settlement Statement, but that Plaintiffs could contact the closing agent to obtain a copy. (Ex. 6 to Def.'s Motion) On November 7, 2011, Plaintiffs filed this action before the Wayne County Circuit Court, seeking $208,000.00 in damages.

Based on the documents submitted by the parties and liberally construing the allegations in Plaintiffs' Complaint, Plaintiffs have failed to state a claim of fraud with specificity under Rule 9(b). The Complaint does not identify with specificity, any misstatements made by Defendant about the parties' relationship, other than alleging that it was verified that all liens and mortgages had been fully satisfied by Plaintiffs. (Comp., ¶ 2) The Complaint does not identify what constitutes "Defendant's recent actions." (Comp., ¶ 3) If Plaintiffs are in fact alleging that they never entered into the second mortgage, that the signatures on the documents relating to the second mortgage are fraudulent signatures, Plaintiffs must expressly plead such with specificity. Plaintiffs did not do so in its Complaint and the fraud claim must be dismissed against Defendant.

    **C.**    **RESPA**

Defendant moves to dismiss any RESPA claim, arguing that it did not violate any provision

of RESPA. Plaintiffs do not address Defendant's RESPA argument in their response, other than noting that the records in Wayne County show they have satisfied their obligations.

At oral argument, Plaintiffs presented a document, "Discharge of Mortgage" for Loan No. 0212270870 (Liber-35442, Page-1201; 20211817, 1/22/2002, Wayne County Register of Deeds). This is the recorded discharge of the 2000 Loan. It notes that this loan was recorded on 02/02/01 and is discharged. Plaintiffs also submitted a Warranty Deed-Corporation conveying the 7121 Amanda, Belleville, Michigan property to Plaintiffs for the sum of $229,387.00. (Liber-33183, Page-95; 201061746, 02/02/01, Wayne County Register of Deeds). This document has the notarized signature of Amos Knoll, CEO of Coast to Coast Development, dated September 22, 2000. Plaintiffs also submitted the signed Mortgage, the 2000 Loan. (Liber-33183, Page 98; 201061750, 02/02/2001, Wayne County Register of Deeds). Defendants submitted the Mortgage for the 2001 Loan, Loan No. 0212652565, signed by the parties on May 21, 2001 (Liber 34198, Page-30; 201311509, 07/02/2001, Wayne County Register of Deeds). (Ex. 2 to Def.'s Motion) No recorded document was presented to show this Mortgage for the 2001 Loan is invalid or had been paid off. Nor do Plaintiffs claim they have paid off the second mortgage or that it is otherwise invalid.

Section 2605 of RESPA requires a loan servicer to respond to a borrower's inquiries within 60 days when it receives a qualified written request ("QWR") from the borrower. 12 U.S.C. § 2605(e)(2). The servicer shall conduct an investigation and then, if applicable: 1) make corrections to the borrower's account; 2) provide a statement of the reasons for why the servicer believes the borrower's account is correct; 3) provide contact information that the borrower may call for assistance; 4) provide the borrower with the information requested; or 5) provide an explanation of why the requested information is unavailable or cannot be provided by the servicer. 12 U.S.C. §

2605(e)(2)(A) - (C).  A servicer may choose a method of response; there is no duty comply with all three.  *Weinert v. GMAC,* 2009 WL 3190420 * 8 (E.D. Mich. Sept. 29, 2009).  If a loan servicer violates § 2605(e), the borrower is entitled to actual damages.  12 U.S.C. § 2605(f).

In this case, the Complaint does not allege *when* Plaintiffs made the inquiry to Defendant or the substance of the inquiry.  The Complaint alleges that Plaintiffs made an "inquiry into the legitimacy of the Defendant's claim" and that "defendant has expressed that its files or records are not complete and directed Plaintiffs to contact a party not known to them," which Plaintiffs claim violates RESPA.  (Comp., ¶ 3)  Plaintiffs present a letter from CitiMortgage directing them to complete an authorization to allow a third-party to discuss their mortgage loan.  The letter advises how to reach the company by email or phone.  Plaintiffs also present a signed authorization form dated September 15, 2011 and July 15, 2011 and a signed authorization dated October 10, 2011.  However, Plaintiffs present no inquiry by themselves or their agent regarding the servicing of the 2011 Loan.

A QWR under RESPA is limited to information relating to the servicing of the loan and does not encompass information concerning the origination of a loan.  12 U.S.C. § 2605(e)(1)(A).  It appears Plaintiffs are seeking documents relating to the origination of the second loan, which Plaintiffs neither deny or admit signing.  Liberally construing the Complaint, the Court finds Plaintiffs have failed to state a plausible claim under RESPA.

### III.     CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Dismiss filed by Defendant CitiMortgage, Inc. **(Doc. No. 6, filed December 23, 2011)** is GRANTED.

      IT IS FURTHER ORDERED that the action is DISMISSED with prejudice.


                              S/Denise Page Hood
                              Denise Page Hood
                              United States District Judge

Dated: September 25, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 25, 2012, by electronic and/or ordinary mail.

                              S/LaShawn R. Saulsberry
                              Case Manager